

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,311

**EX PARTE ABEL LEAL MARIN, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-2365-00-E IN THE 275TH JUDICIAL DISTRICT COURT FROM HIDALGO COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one count of delivery of a controlled substance in a drug-free zone, three counts of delivery of a controlled substance, and one count of possession of a controlled substance, and was sentenced to ten years' probation. His probation was later revoked, and he was sentenced to eight years' imprisonment. He did not appeal his conviction.

Applicant contends, *inter alia*, that his plea was involuntary and his sentence improperly

enhanced.

The trial court determined that the count in the indictment charging Applicant with delivery of a controlled substance in a drug-free zone should have been a second degree felony, with the minimum punishment raised from two to seven years' imprisonment. Applicant was admonished that each of the delivery of a controlled substance charges was a first degree felony, when in fact all three were second degree felonies. The trial court finds that Applicant is entitled to relief on the basis of an improperly enhanced charge, and recommends that the case be remanded solely for re-sentencing. However, in this case Applicant was not properly admonished as to the correct punishment range for the offenses to which he was pleading guilty. Therefore, his plea was not knowingly and voluntarily entered, and the entire plea must be vacated.

Relief is granted. The judgment in Cause No. CR-2365-00-E in the 275th Judicial District Court of Hidalgo County is set aside, and Applicant is remanded to the custody of the sheriff of Hidalgo County to answer the charges as set out in the indictment.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.


Delivered: March 17, 2010
Do Not Publish